**So Ordered.**

**Dated: December 14th, 2017**



Frederick P. Corbit
Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>DIGIDEAL CORPORATION,<br><br>Debtor. | Case No. 17-00449-FPC11<br><br>**NOT FOR PUBLICATION** |
| SHUFFLE TECH INTERNATIONAL, LLC, an Illinois limited liability company, POYDRAS-TALRICK HOLDINGS, LLC, a Delaware limited liability company, and RICHARD SCHULTZ, a resident of Illinois,<br><br>Plaintiffs,<br><br>v.<br><br>DIGIDEAL CORPORATION, a Nevada corporation, MICHAEL J. KUHN, a resident of Washington, and SEAPORT V, LLC, a Minnesota limited liability company,<br><br>Defendants. | Adversary No. 17-80027-FPC<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER GRANTING PLAINTIFFS' MOTION TO DEPOSIT FUNDS INTO COURT REGISTRY, DISMISS AND DISCHARGE PLAINTIFFS, ENJOIN INTERPLEADED DEFENDANTS AND RESERVE APPLICATION FOR AN AWARD OF FEES AND COSTS** |

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 1

THIS MATTER came before the court on the Motion to Deposit Funds into Court Registry, Dismiss and Discharge Plaintiffs, Enjoin Interpleaded Defendants and Reserve Application for Award of Attorney's Fees and Costs (the "Motion") (ECF No. 29), filed by Shuffle Tech International, LLC, Poydras-Talrick Holdings, LLC, and Richard Schultz ("Plaintiffs"). Among other things, the court reviewed Defendant Michael Kuhn's Motion for Summary Judgment and corresponding materials (ECF Nos. 47-50), Defendant DigiDeal Corporation's Motion for Summary Judgment and corresponding materials (ECF Nos. 52-54), Defendants Michael Kuhn and DigiDeal Corporation's Joint Response to the Motion (ECF No. 58), Defendant Seaport V, LLC's Response and corresponding materials (ECF Nos. 59, 61, 63), the Plaintiffs' Response to Motion for Summary Judgment and corresponding materials (ECF Nos. 60, 62, 64), the Plaintiffs' Reply in support of the Motion and corresponding materials (ECF No. 70), and Defendants Michael Kuhn and DigiDeal Corporation's reply and corresponding materials (ECF Nos. 69-70, 73). The court reviewed the pleadings and records herein, heard argument of the parties, and was fully advised in the premises. Contemporaneously with the entry of these Findings of Fact and Conclusions of Law, the court is entering its Order Granting Plaintiffs' Motion to Deposit Funds into Court Registry, Dismiss and Discharge Plaintiffs, Enjoin Interpleaded Defendants and Reserve Application for an Award of Fees and Costs ("Order to Deposit Funds"). Pursuant to Federal Rule of

Civil Procedure 52, incorporated by Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") 7052 and 9014(c), the Court makes the following Findings of Fact and Conclusions of Law in support of the Order to Deposit Funds.

The court finds and concludes as follows:

## FINDINGS OF FACT

1. On August 2, 2016, Plaintiffs, DigiDeal Corporation, and Michael Kuhn entered into a Settlement Agreement, Assignment of Claim, and Mutual General Release ("Settlement Agreement"). (ECF No. 1 Ex. A). The Settlement Agreement resolved litigation initiated by DigiDeal Corporation against Plaintiffs for alleged breaches of a Master Patent Technology License and Sublicense Agreement and an Exclusive Patent Technology License Agreement ("License Agreements"). (ECF No. 1 Ex. A).

2. Under the Settlement Agreement, Plaintiffs had to pay installments totaling $225,000 to DigiDeal Corporation. (ECF No. 1 Ex. A). The first payment of $150,000 was due on August 18, 2016. (*See* ECF No. 1 Ex. A).

3. Plaintiffs did not timely make the first payment. (ECF No. 57 Ex. L). On August 19, 2016, DigiDeal Corporation provided Plaintiffs with notice of default. (ECF No. 57 Ex. L).

4. The Settlement Agreement provided, in the event of default, DigiDeal Corporation would give Plaintiffs 10 days written notice of default and allow 15

days for cure. (ECF No. 1 Ex. A). Additionally, the proposed Confession of Judgment, executed as part of the Settlement Agreement, provided for simple interest at the rate of 12 percent per annum in the event Plaintiffs did not timely pay DigiDeal Corporation the funds owed under the Settlement Agreement. (ECF No. 1 Ex. A).

5. Within the cure period, Plaintiffs learned of Seaport V, LLC's ("Seaport") security agreement with DigiDeal Corporation. (ECF No. 31 Exs. A and C). In a demand letter, Seaport informed Plaintiffs that DigiDeal Corporation was in default of its loan agreement with Seaport, indicated Seaport held a perfected first priority security interest in any and all personal property assets of DigiDeal Corporation, and demanded Plaintiffs pay to Seaport any money payable to DigiDeal Corporation under the Settlement Agreement. (ECF No. 31 Ex. C).

6. Digideal Corporation ("Debtor") filed a chapter 11 bankruptcy petition on February 22, 2017.

7. Debtor admits it granted Seaport a security agreement but argues the security agreement should be rendered void. (ECF No. 70 Ex. C). At this point, no court has opined on whether that security agreement could be voided. (ECF No. 57)

8. Debtor has had time to discover evidence that its security agreement with Seaport was fraudulent and present that evidence to the court, but Debtor has not done so.

9. Debtor wishes to rescind the Settlement Agreement and pursue its claims against Plaintiffs for their alleged breaches of the License Agreements in state court. (Case No. 17-00449-FPC11 ECF No. 196). In the present adversary proceeding, Debtor moved to amend its answer to add counterclaims of breach of the Settlement Agreement and breach of the duty of good faith and fair dealing. (ECF Nos. 57, 67).

10. There are no facts in the record that establish Plaintiffs filed the Motion in bad faith.

11. Any Conclusion of Law or any portion thereof that is properly a Finding of Fact shall be deemed a Finding of Fact.

## CONCLUSIONS OF LAW

1. Any Finding of Fact or any portion thereof that is properly a Conclusion of Law shall be deemed a Conclusion of Law.

2. The Court has jurisdiction to hear and decide the Motion pursuant to 28 U.S.C. §§ 1334 and 157.

3. The Motion is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of this case in the Eastern District of Washington is proper under 28 U.S.C. § 1408, and venue of the Motion in this district is proper under 28 U.S.C. § 1409(a).

4. This interpleader action does not violate the automatic stay. *In re Miller*, 397 F.3d 726, 730 (9th Cir. 2005); *see In re Spaulding Composites Co., Inc.*,

207 B.R. 899, 908 (9th Cir. BAP 1997) (discussing the interplay between interpleader and bankruptcy and applying that rationale in a different context).

5. An interpleader action usually involves two distinct stages. First, the court decides whether the requirements for interpleader have been met by determining if there is a single fund and whether there are adverse claimants to that fund. Second, the court determines the respective rights of the claimants to the fund. *Mack v. Kuckenmeister*, 619 F.3d 1010, 1023-24 (9th Cir. 2010). The Motion deals with the first stage.

6. A party seeking interpleader must establish it is a stakeholder with a "good faith belief that there are or may be colorable competing claims to the stake." *Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F.3d 887, 894 (9th Cir. 2012).

7. Good faith "requires a real and reasonable fear of exposure to double liability or the vexation of conflicting claims." *Id*.

8. Debtor has a claim to the money Plaintiffs promised to pay under the terms of the Settlement Agreement. Pursuant to Seaport's security agreement with the Debtor, which is governed by New York law, Seaport allegedly has a security interest in Debtor's assets. As was done here, after default, a secured party may "notify an account debtor . . . to make payment or otherwise render performance to or for the benefit of the secured party." NY UCC § 9-607(a)(1). The fact that the

security interest may not have been perfected at the time of Seaport's notice to Plaintiffs does not affect the existence of Seaport's alleged security interest.

9. There is a legitimate dispute as to whom is entitled to the money payable by Plaintiffs under the Settlement Agreement. Plaintiffs filed the Motion in good faith.

10. Plaintiffs are disinterested stakeholders. Where the stakeholder is blameless with respect to the existence of conflicting claims to the stake and the counterclaims are directly related to the stakeholder's failure to resolve those claims, a valid interpleader action shields the stakeholder from liability to the claimants not only with respect to the interpleaded amount but also as to any counterclaims. *Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258 (3d Cir. 2009).

11. Interpleader is appropriate. Plaintiffs are dismissed as parties from this adversary proceeding provided they comply with the Order to Deposit Funds entered contemporaneously with these Findings of Fact and Conclusions of Law.

12. The court's dismissal and discharge of Plaintiffs moots DigiDeal Corporation's Motion to Amend Answer and Add Counterclaim (ECF No. 67).

///END OF ORDER///